UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KATINA HUNT,

        Plaintiff,

v.                                          Case No.: 3:23-cv-11-WWB-PDB

NORDSTROM, INC.,

        Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion for Final Summary Judgment (Doc. 23), Plaintiff's Response in Opposition (Doc. 29), and Defendant's Reply in Support (Doc. 30). For the reasons set forth herein, Defendant's Motion will be granted.

**I.    BACKGROUND**

On September 28, 2020, Plaintiff, Katina Hunt, slipped and fell on a clear liquid that had collected on the sales floor in several pools while shopping at one of Defendant's retail stores. (Doc. 23-1 at 5:25–6:3, 27:4–6, 33:9–13, 36:1–37:18). Plaintiff testified that it was "[a] lot of water," with the pools being "smaller than feet" but larger than "two or three inches" in width. (*Id.* at 33:4–5, 34:20–35:6). Defendant's service experience manager testified that she saw a clear liquid smudged on the floor after Plaintiff's fall, but that the volume was probably less than "a cup of liquid" in total. (Doc. 23-3 at 7:9–11, 20:9–18).

Timothy Chhem, Defendant's maintenance technician, traced a possible source of the liquid to a leaking rooftop HVAC unit. (Doc. 23-7 at 13:4–9, 42:11–43:7). Specifically, Chhem observed that water was being sidelined at the rear exterior of HVAC Unit #5,

something he had not seen during his earlier daily check of the HVAC units. (*Id.* at 43:1–7, 47:20–48:2, 52:10–18, 55:1–3, 63:13–17). Chhem had not accessed the evaporator coil or rear component of the condensate drain pan during his inspection earlier that morning because his daily check procedures do not involve removing HVAC unit panels. (*Id.* at 26:9–16, 61:13–22, 67:20–68:9, 69:1–8). Instead, a basic check is done daily, and a more thorough examination occurs monthly; the HVAC units are unbolted and cleaned annually. (*Id.* at 32:4–10, 33:1–42:10, 47:15–18, 48:3–8, 52:21–24, 55:9–56:15, 61:13–62:1). Chhem unscrewed and removed a back panel on the unit, diagnosed the cause, and resolved the leak. (*Id.* at 43:1–9).

## II.   LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.* "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313–14 (11th Cir. 2007). Stated differently, the moving party discharges its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

However, once the moving party has discharged its burden, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own

affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation omitted). The nonmoving party may not rely solely on "conclusory allegations without specific supporting facts." *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). Nevertheless, "[i]f there is a conflict between the parties' allegations or evidence, the [nonmoving] party's evidence is presumed to be true and all reasonable inferences must be drawn in the [nonmoving] party's favor." *Allen*, 495 F.3d at 1314.

### III. DISCUSSION

Plaintiff asserts a single claim against Defendant for negligence. (*See generally* Doc. 3). To prevail on a negligence claim under Florida law, a plaintiff must prove a "duty of care, breach of that duty, causation, and damages." *Schwartz v. Wal-Mart Stores, Inc.*, 155 So. 3d 471, 473 (Fla. 5th DCA 2015). Additionally, slip and fall plaintiffs are required to "prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). Defendant argues that it did not have actual or constructive notice of the dangerous condition.

Actual knowledge exists "when a business owner's employees or agents know of or create the dangerous condition." *Palavinci v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1010 (11th Cir. 2019). Although Plaintiff briefly mentions actual notice in her Response in Opposition, she fails to further elaborate on this argument or direct the Court to any record evidence that would create a triable issue of fact as to actual notice. The Court is not required to consider such vague and underdeveloped arguments. *See W. Sur. Co. v. Steuerwald*, No. 16-61815-CV, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17,

2017) ("It is axiomatic that arguments not supported and properly developed are deemed waived."); *see also U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting that the court need not consider "perfunctory and underdeveloped" arguments and that such arguments are waived); *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, this Court only addresses the issue of constructive knowledge.

To establish constructive knowledge, a plaintiff may offer circumstantial evidence showing that: "(a) [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) [t]he condition occurred with regularity and was therefore foreseeable." Fla. Stat. § 768.0755(1).

### A.     Length of Time

First, Plaintiff argues that Defendant had constructive knowledge of the liquid because it had been on the sales floor for a substantial amount of time. Plaintiff may establish an issue of fact as to the length of time by showing "evidence of footprints, prior track marks, changes in consistency, [or] drying of the liquid." *Deakins v. Wal-Mart Stores E., LP*, No. 22-10993, 2024 WL 413452, at *3 (11th Cir. Feb. 5, 2024) (quoting *Welch v. CHLN, Inc.*, 357 So. 3d 1277, 1278–79 (Fla. 5th DCA 2023)).

It is undisputed that Plaintiff slipped on a clear substance, and post-accident photographs do not show evidence of significant amounts of dirt or sediment in the liquid. (*See* Doc. 29-5 at 1–3). Plaintiff has also not directed the Court to any evidence that the water had been disturbed or smudged prior to Plaintiff encountering it. Accordingly, Plaintiff has failed to present evidence from which a reasonable jury could infer that the

water had been on the floor for any substantial length of time based solely on its appearance. *Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1170 (11th Cir. 2023) ("[W]hen there is 'nothing about the description of the substance that would indicate the length of time it was on the floor, courts have precluded the jury from deciding the issue of negligence.'" (quoting *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 321–22 (Fla. 2001))).

In the alternative, Plaintiff argues that a reasonable jury could infer from the nature of the leak and amount of liquid present that the water must have been dripping onto the sales floor for "at least two and a half hours" before her accident.[1] (Doc. 29 at 14). Some Florida "courts have found 'at least fifteen to twenty minutes . . . to be sufficient for defendants to be charged with knowledge of the condition and a reasonable time in which to correct it.'" *Sutton*, 64 F.4th at 1169 (quoting *Winn Dixie Stores, Inc. v. Williams*, 264 So. 2d 862, 864 (Fla. 3d DCA 1972)). Evidence of the amount of liquid and source of the substance, taken together, can, in some instances, be sufficient to create an issue of constructive notice precluding summary judgment. *See Berbridge v. Sam's E., Inc.*, 728 F. App'x 929, 932 (11th Cir. 2018) ("Had the puddle on the floor been large, that could have suggested, in light of the slow dripping observed by [the plaintiff], that the AC unit had been leaking for a while."). However, Plaintiff has failed to direct the Court to sufficient record evidence in this case to make such an inference reasonable. *See Hinson v. Bias*, 927 F.3d 1103, 1115 (11th Cir. 2019) ("[A]n inference based on speculation and conjecture is not reasonable." (quotation omitted)).

---

[1] There is no record evidence to suggest anyone witnessed water dripping from the ceiling either before or after Plaintiff fell.

Plaintiff has not directed this Court to any evidence to support her argument that the leak began either before or immediately after the morning inspection. Nor is there evidence to suggest Chhem's daily check of the HVAC unit was substandard such that he would have failed to see an existing leak, and there is no dispute that he completed his checklist the morning of the incident. (Doc. 29-4 at 1). And, although there is some dispute regarding the amount of water present on the floor at the time of Plaintiff's fall, presuming it was caused by a leak, there is no evidence regarding how quickly, or slowly, the leak was occurring inside the store. Thus, even if a large amount of water was present—which would be a generous characterization of the testimony in this case—there is simply no evidence in the record that would permit a jury to make a non-speculative finding that it took more than fifteen minutes to accumulate on the floor. Because "the mere presence of a liquid on the floor is insufficient to establish constructive knowledge," and Plaintiff has failed to direct this Court to sufficient "evidence to suggest the length of time that a liquid was on the floor, there is no genuine dispute of material fact" and Defendant is entitled to summary judgment as to this issue. *Espinoza v. Target Corp.*, 843 F. App'x 168, 171 (11th Cir. 2021).

  **B.**  **Foreseeability**

In the alternative, Plaintiff argues that the condition was foreseeable based on the failure of Defendant's employees to follow maintenance and sales floor policies regarding inspections. "[C]ircumstantial evidence of a business owner's neglect in inspecting its premises may establish constructive knowledge. The most common examples are when a business owner fails to follow its own implemented inspection procedures or fails to

6

inspect its premises at a reasonable rate." *Garcia v. Wal-Mart Stores E., L.P.*, No. 6:14-cv-255-Orl, 2015 WL 898582, at *3 (M.D. Fla. Mar. 3, 2015).

As to maintenance policies, Plaintiff argues that evidence of cancelled work orders on the relevant HVAC unit in the months before her fall supports an inference that it was foreseeable that the unit would malfunction. Florida law does not support a cause of action premised on negligent theory of operation without evidence of notice. *Struck v. Wal-Mart Stores E., LP*, No. 21-11012, 2021 WL 5052557, at *4 (11th Cir. Nov. 1, 2021). Whether Defendant cancelled work orders, and any link between those cancellations and Plaintiff's fall, sounds in the mode of operation rather than generalized negligence. *Smith v. Wal-Mart Stores E., LP*, No. 8:17-cv-2993-T, 2018 WL 11652010, at *2 (M.D. Fla. Feb. 15, 2018). Reviewing the evidence, and drawing all reasonable inferences in Plaintiff's favor, it does not follow that several cancelled work orders months in advance of Plaintiff's incident are material to the issue of Defendant's constructive notice.

Even if such evidence was material and relevant to the contested notice element, Plaintiff's argument fails to address the uncontroverted testimony that Chhem did perform regular preventative maintenance on HVAC Unit #5, including in the months preceding the accident. (Doc. 23-7 at 30:4–8, 32:4–10, 38:2–39:1, 47:15–48:8). Although the April 2020 annual clean-down work order and several monthly inspection orders were cancelled, this fact, standing alone, only supports an inference that HVAC Unit #5 was not cleaned or inspected on schedule. Plaintiff fails to explain how these cancellations support a reasonable inference that Defendant could have foreseen and prevented a leak had it adhered to the predetermined schedule. Moreover, Plaintiff fails to explain why intervening maintenance in August and September 2020, just before Plaintiff's accident,

7

would not make the maintenance cancelled in prior months irrelevant. (*See* Doc. 23-9 at 96–97). Thus, Plaintiff has failed to provide evidence that would permit a reasonable jury to infer that Chhem's practices deviated from Defendant's policy such that the accident was foreseeable or would have given Defendant constructive knowledge that the condition was likely to occur.

Next, Plaintiff argues that constructive knowledge can be imputed because Defendant's employees failed to diligently inspect their workspace pursuant to Defendant's policy. In support of this argument, Plaintiff cites evidence of an informal "see it, say it, fix it" policy that promotes a general principle that employees should correct unsatisfactory conditions upon observing them. However, Defendant's store manager testified that she was not aware of any formal training, policies, or procedures requiring sales floor staff to actively look for unsafe conditions on the floor, (Doc. 23-4 at 30:4–7), and at least one other employee did not recall the "see it, say it, fix it" policy or any specific training on preventing hazardous conditions aside from a general culture to correct conditions that an employee has actually observed, (Doc. 29-7 at 14:6–15:5, 29:16–22, 30:2–12). There is also no record evidence that Defendant's employees deviated from the general spirit behind any such culture or policy because, as discussed below, there is no evidence that any employee actually saw the water and failed to correct the condition.

Plaintiff also argues that a staff member was in violation of Defendant's policies by using her cell phone while at work, but Defendant's policies did not explicitly forbid employee cell phone use, although it was discouraged for personal use unrelated to assisting customers. (Doc. 23-3 at 16:16–17; Doc. 23-4 at 38:1–39:7). Plaintiff has not

deposed the subject employee, so it is not clear that the employee was not using the cell phone properly according to Defendant's policies on the date of the incident. In the absence of evidence as to what the employee was doing on her phone, the Court cannot presume her inattentiveness or a violation of company policy. *Feliciano v. Target Corp.*, No. 2:13-cv-278-FtM, 2014 WL 2199642, at *3 (M.D. Fla. May 27, 2014) ("Finally, Plaintiff has come forward with no evidence that Defendant's employees neglected their ongoing responsibility to look for and correct any unsafe floor conditions in the store during their work hours.").

Moreover, even if there was evidence that the employee violated Defendant's policies or inspection procedures regarding inspection of the premises, there is no evidence that she would have seen the water even if it had been in that employee's field of vision. Even if an employee was in the general area of a hazard, whether that employee could have seen the hazard is a relevant consideration. *See Zhanadova v. Wal-Mart Stores E.*, *LP*, No. 23-10545, 2023 WL 6534188, at *5 (11th Cir. Oct. 6, 2023).

In this case, there is evidence that the amount of water was relatively minimal, it was contained to a small area, and it was clear, without evidence of debris or dirt. Additionally, the floors were white and glossy. (Doc. 29-5 at 1–2; Doc. 29-6 at 1–2). In fact, the liquid is difficult to see in the post-accident photos provided by the parties, which are directly aimed at the pools. (*See* Doc. 29-5 at 1–3). Plaintiff, however, fails to provide any evidence that the employee would or should have seen the liquid if she was not on her cell phone aside from her simple proximity to the location of the fall. But proximity alone is not enough to impute constructive knowledge or create a genuine issue of material fact. *See Nguyen v. Costco Wholesale Corp.*, No. 19-CV-80393, 2020 WL

9

1976215, at *6 (S.D. Fla. Apr. 24, 2020) ("[T]here are several appellate decisions which hold that the presence of the defendant's employees near the accident scene is not sufficient to defeat a motion for summary judgment or directed verdict."); *Garcia v. Target Corp.*, No. 12-20135-CIV, 2013 WL 12101087, at *3 (S.D. Fla. Feb. 26, 2013) ("This is not a case where a spill was at [the employee's] feet and they did nothing about it. Nor has there been any evidence that the spill was visible from where they were standing. The presence of employees ten to fifteen feet away under the circumstances of this case is insufficient evidence to allow a reasonable jury to conclude that Target should have been on notice of the spill." (citations omitted)).

Finally, the photographs, which place the employee in the area of the liquid roughly fifteen to thirty minutes before Plaintiff's fall, fail to establish that the hazardous condition was in existence at the time the employee was in the area. (Doc. 29-4 at 1–3). While Plaintiff argues that the leak began at least two and a half hours before the fall, as set forth above, Plaintiff has not directed the Court to any evidence from which a reasonable inference may be drawn that any liquid was present as little as fifteen minutes before the incident occurred. Thus, Plaintiff has failed to direct the Court to any evidence that would create a genuine issue of material fact as to constructive notice, either based on the length of time or on any employee's failure to follow policies, and Defendant is entitled to summary judgment.

### IV.     CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion for Final Summary Judgment (Doc. 23) is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Defendant, and against Plaintiff, on the Complaint. Thereafter, the Clerk shall terminate all other pending motions and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on June 10, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record